IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | **Criminal Indictment** |
| v. ) | |
| ) | **No. 1:21-CR-401** |
| JANICE MARIE DOUGHTY, ) | |
|     Defendant. ) | |

**DEFENDANT'S FIRST PARTICULARIZED MOTION TO SUPPRESS PHYSICAL EVIDENCE, STATEMENTS, AND OTHER RELIEF**

COMES NOW the Defendant Janice Marie Doughty (hereafter "Doughty"), by and through counsel, and pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; files this her first particularized Motion to Suppress, and moves this Court for an evidentiary hearing, and an order suppressing all evidence of any kind – alleged contraband, statements, identification, and testimony, and reserves the right to supplement this motion.

    As grounds therefore, Doughty alleges that her warrantless arrest, search of her car, and the seizure of items from it were improper, illegal, and without probable cause, in violation of Movant's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution in the following particulars:

**I. Facts**

    1. On or about February 7th, 2020, DEA Task Force Officer Joseph Lucio applied to U.S. Magistrate Judge Peter E. Ormsby for a search warrant in Case No. M-20-0336-M-C for the records and information including real-time GPS/ Cell Site Location Information (CSLI) data associated with a Target Device utilizing the phone number 470-774-0293.

2. The warrant and affidavit described above was based on information provided by a confidential informant.

3. The warrant was defective in the following particulars:

    a. The affidavit was not supported by probable cause.

    b. The warrant failed to show a nexus between any criminal activity and the Target Device.

4. On about February 9th, 2020, law enforcement agents, including members of the DEA, were monitoring a GPS signal associated with this cell phone.

5. Doughty was driving lawfully on Hwy. 59 in George West County, Texas when she was pulled over by Lt. Robert Waldrop (hereafter "Lt. Waldrop"), a law enforcement officer from Jim Wells County.

6. No traffic infractions or any other illegal behavior of Doughty's was observed by law enforcement prior to her seizure.

7. Waldrop approached Movant's vehicle for the purported reason that the vehicle lacked insurance.

8. During this encounter, Movant produced paperwork that proved she was driving with insurance. Then, mysteriously, the alleged violation morphed into crossing over the fog line. Movant was ordered out of the vehicle and required to come accompany Waldrop to his vehicle.

9. Waldrop continued questioning Movant about her trip and her family while she was confined in his vehicle.

10. Seventeen minutes into the stop, Waldrop asked Movant to sign a warning citation. He never gave her back her driver's license. He then asked her if he could search her car. Doughty denied him consent.

11. Eighteen minutes into the stop, Doughty asked Waldrop if she was free to leave. Waldrop didn't answer, instead informing her that he's going to have his dog sniff her car.

12. Twenty minutes into the stop, Waldrop informed Movant that his dog allegedly alerted on her vehicle. He and other law enforcement then began searching her vehicle.

13. Twenty-two minutes into the stop law enforcement handcuffed her in Waldrop's vehicle. The vehicle was later taken by law enforcement to the Live Oak County Sheriff's Department where it was put on a lift and searched, yielding alleged contraband.

14. Movant anticipates that items seized will be introduced by the United States in any trial of this matter.

## II. The GPS Warrant

15. In considering whether there's enough probable cause to issue a warrant based on information from a Confidential Informant, the U.S. Supreme Court in *Illinois v. Gates* held that courts should engage in analyzing "the totality of the circumstances" as they exist at the time of the arrest. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Some of the relevant considerations included with in the totality of the circumstances including the informant's 'veracity', his 'reliability', and his 'basis of knowledge.' *Illinois v. Gates*, 462 U.S. at 244-246. Here, the information regarding "confidential source (hereinafter referred to as CS)" described in the warrant asserted that his

information let to "narcotic seizures and arrests since 2019" but give no further details, including whether any convictions were obtained. There's no information provided by the CS to connect the owner of the Target Phone Number to Doughty. There's no information that CS was personally familiar with Doughty. The information provided by the CS fails the totality of the circumstances test and cannot support the probable cause for the warrant.

16. In addition, Society recognizes an expectation of privacy in CLSI, i.e., information that reveals the physical location of where one has been and goes. This expectation of privacy in CLSI was affirmed and reinforced by the U.S. Supreme Court in the case of *Carpenter v. U.S*., 585 U.S. \_\_\_\_, 138 S. Ct. 2206, 201 L. Ed. 2d 507 (2018). In *Carpenter*, the Court considered for the first time how to apply the Fourth Amendment to the ability, recently enabled by cell phone technology, to create a record of one's movements through space and time using the signals that one's cell phone emits when contacting a cell phone signal tower belonging to a wireless carrier. Such "cell site records," the Court found, were not business records subject to an exception from Fourth Amendment protection based on the "third-party doctrine" of a line of cases exemplified by *Smith v. Maryland*, 442 U.S. 735, (1979) (pen-register information from a land-line telephone) and *United States v. Miller*, 425 U.S. 435 (1976) (bank records). *Carpenter*, 585 U.S. at \_\_\_\_\_ (Slip op., at 11). *Carpenter* held that "an individual maintains a legitimate expectation of privacy in the record of his physical movements as captured through CSLI." *Id.* Furthermore, the Court said that "historical cell-site records present even greater privacy concerns than GPS monitoring of a vehicle" as considered by the Court in *United States v. Jones* where

4

the Government attached a GPS tracking device on Jones's vehicle, because "a cell phone – almost a 'feature of human anatomy,' tracks nearly exactly the movements of its owner." *Id.* (Slip op., at 13) citing *Riley v. California*, 573 U.S. 373 (2014) (search of contents of cell phone); See *United States v. Jones*, 565 U.S. 400 (2012). "Apart from disconnecting the phone from the network, there is no way to avoid leaving behind a trail of location data." *Id.* (Slip op., at 17). "Accordingly, when the Government accessed CSLI from the wireless carriers, it invaded Carpenter's reasonable expectation of privacy in the whole of his physical movements" and thus qualifies as a search under the Fourth Amendment. *Id.* (Slip op., at 15,17).

17. Under the Fourth Amendment "no Warrants shall issue, but upon probable cause…." The warrant and affidavit "must provide the magistrate with a substantial basis for determining the existence of probable cause…." *Illinois v. Gates*, 462 U.S. 213, 239 (1983). Probable cause exists "'when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location.'" *United States v. Williams*, 162 Fed.Appx. 884 (11th Cir. 2006) *quoting* *United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999). The affidavit was not supported by probable cause. The facts described within the warrant did not provide the magistrate with a substantial basis to determine probable cause existed to seize Movant's GPS/CSLI data.

18. Furthermore, there is no nexus between the investigation and Movant's phone number specified in the warrant. "The Fourth Amendment requires that a search warrant be issued only when there's probable cause to believe that an offense has been committed and that evidence exists at the place for which the warrant is requested."

*United States v. Betancourt*, 734 F.2d 750, 754 (11th Cir. 1984) (citing *Zurcher v. Stanford Daily*, 436 U.S. 547, 558 (1978)). For a court to find probable cause for a search there must be a nexus between the alleged crime and the premises or items to be searched. *United States v. Joseph*, 709 F.3d 1082 (11th Cir. 2013) The facts described in the affidavit do not provide the magistrate with a substantial basis that criminal activity was accomplished utilizing Doughty's phone number. The warrant fails to show a substantial link between the criminal activity alleged and the Target Number searched. Therefore, all evidence of GPS/CLSI, and any derivative evidence, should be suppressed from evidence at trial.

### III. The Traffic Stop

19. Under the Fourth Amendment "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated…" A traffic stop constitutes a "seizure" under the Fourth Amendment and is thus subject to a reasonableness requirement. *U.S. v. Williams*, 808 F.3d 238, 245 (4th Cir. 2015) (citing *Whren v. U.S.,* 517 U.S. 806, 810 (1996)). A traffic-stop is examined under the two-prong standard provided in *Terry v. Ohio*. *Id*. See *Arizona v. Johnson,* 555 U.S. 323, 330–31(2009). First, the Court must determine whether the officer's reason for the traffic stop was legitimate and second, determine whether the officer's actions during the seizure were "reasonably related in scope" to the basis for the traffic stop. *Williams*, *supra*, See also *United States v. Rusher*, 966 F.2d 868, 875 (4th Cir.1992). Because addressing the infraction is the purpose of a stop, it may "last no longer than necessary to effectuate th[at] purpose. *Id.,* citing *Illinois v. Caballes*, 543 U.S. 405 (2005). Thus, "authority for [a] seizure ends when the tasks

tied to the traffic infraction are- or reasonably should have been- completed." *Rodriquez v. U.S.*, 135 S.Ct. 1609, 1610 (2015).

20. It was Waldrop's duty to investigate Movant's registration and insurance. While the information possessed by law enforcement gathered from the warrant for Movant's GPS/CSLI data may have informed his decision to stop, he did not have probable cause to arrest her at the time of the stop. "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). However, any investigation beyond that exceeded the scope of the traffic stop. To extend the detention of a motorist beyond the time necessary to accomplish a traffic stop's purpose, the authorities must either possess "reasonable suspicion or receive the driver's consent." *U.S. v. Williams*, 808 F.3d 238, 246 (4th Cir. 2015). See also *United States v. Digiovanni*, 650 F.3d 498, 507 (4th Cir. 2011)).

21. In determining what is a reasonable duration for a traffic stop, "it [is] appropriate to examine whether the police diligently pursued [the] investigation." *U.S. v. Sharpe*, 470 U.S. 675, 686 (1985). However, on-scene investigations into other crimes detours from the mission of the traffic stop. *Id*. "[A] dog sniff is not fairly characterized as part of the officer's traffic mission." *Rodriguez,* 575 U.S. at 356.  Here, it unreasonably the stop. See, e.g., *United States v. Campbell*, 26 F.4th 860 (11th Cir. 2022). Waldrop took seventeen minutes to complete the investigation of Movant's traffic infraction because he was questioning her from the moment he first made contact in order to justify his desire to search her vehicle. When Doughty asked Waldrop if she was free to go upon receiving her warning, he refused to answer. In

7

lieu of reasonable suspicion, which we argue was not present, officers must obtain the driver's permission to extend a traffic stop beyond its purpose. Waldrop didn't have a reasonable suspicion of criminal activity, and Doughty did not give Lt. Waldrop permission to extend the stop.

22. Warrantless searches, unapproved by any magistrate or judge, "are *per se* unreasonable under the Fourth Amendment – subject to only a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347 (1967). Law enforcement may only conduct a warrantless search of a vehicle consistent with the Fourth Amendment where "the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search" or where "it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." Arizona v. Gant, 556 U.S. 332, 344 (2009). In this case, the search was conducted after the occupant was arrested, secured, and beyond the reach of the interior of the vehicle. After that point, there was no reasonable basis for law enforcement to continue to search the vehicle. Based on these facts, the search of the vehicle was unreasonable and unlawful.

23. Even if probable cause developed to arrest Movant later in the stop, any evidence obtained as a result is tainted by the illegality of the initial seizure and must be excluded. Wong Sun v. United States, 371 U.S. 471, 487-488. (1963); United States v. Gaines, 918 F.3rd 793, 802 (10th Cir. 2019).

24. Waldrop, a law enforcement officer from Jim Wells County, Texas, pulled Movant over in George West County, with the search of the vehicle commencing in Live Oak

County, Texas. Waldrop did not have proper jurisdiction to effect a traffic stop in George West County.

### IV. Doughty's Statement

25. It is well known that the presence of both custody and interrogation (be it words or actions) creates compulsion and the only way to combat that compulsion is to give the *Miranda* warnings AND obtain a valid waiver. *Miranda v. Arizona*, 384 U.S. 436 (1966). Additionally, a defendant must **knowingly and voluntarily** give up his constitutional right to remain silent. *Oregon v. Elstad*, 470 U.S. 298, 309 (1985) (emphasis added).

26. It is expected that the Government will attempt to use as evidence at trial, oral admissions, written or oral statements, and/or tape recordings of statements made by Doughty to law enforcement officers while in custody. Law enforcement induced Doughty based on instilling in her a hope of benefit for doing so. Movant's statements were not freely and voluntarily given; thus, her statements should be suppressed.

27. The Government is precluded from admitting into evidence statements that were not freely and voluntarily given. Furthermore, based on the illegality of the initial seizure and search of Shipman, any statements given as a direct or indirect result of the unlawful actions of law enforcement should be excluded from evidence. *Wong Sun v. United States*, 371 U.S. 471, 484. (1963). Thus, everything seized as a result of his statement should be suppressed as fruits of a poisonous tree. *Wong Sun*, 371 U.S. at 485.

WHEREFORE, Defendant respectfully requests that this Court grant an evidentiary hearing and suppress the improperly obtained evidence against him in this case.

This 13th day of May 2022.

                                       Respectfully submitted,

                                       /S/ Bruce Harvey_____
                                       LAW OFFICES OF BRUCE S. HARVEY
                                       ATTORNEYS FOR DEFENDANT
                                       Bruce S. Harvey, #335175
                                       bruce@bharveylawfirm.com
                                       Jamie Roberts, #608590
                                       jamie@bharveylawfirm.com

146 Nassau St.NW
Atlanta, GA 30303
(404) 659-4628 office
(404) 681-3953 fax

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | **Criminal Indictment** |
| **v.** ) | |
| ) | **No. 1:21-CR-401** |
| **JANICE MARIE DOUGHTY,** ) | |
|     **Defendant.** ) | |

**CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing *Defendant's First Particularized Motion To Suppress Physical Evidence, Statements, and Other Relief* on opposing counsel by facsimile transmission, electronic delivery, by hand delivery, or by depositing a copy of the same in the United States Mail with sufficient postage thereon, addressed as follows:

Nicholas Hartigan, AUSA
75 Ted Turner Dr. SW, Suite 600
Atlanta, Georgia 30303

This 13th day of May 2022.

Respectfully submitted,

/S/ Bruce Harvey_____
LAW OFFICES OF BRUCE S. HARVEY
ATTORNEYS FOR DEFENDANT
Bruce S. Harvey, #335175
bruce@bharveylawfirm.com
Jamie Roberts, #608590
jamie@bharveylawfirm.com

146 Nassau St.NW
Atlanta, GA 30303
(404) 659-4628 office
(404) 681-3953 fax