IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | **Criminal Indictment** |
| v. ) | |
| ) | **No. 1:21-CR-401** |
| JANICE MARIE DOUGHTY, ) | |
|     Defendant. ) | |

**DEFENDANT'S FIRST PARTICULARIZED MOTION TO SUPPRESS SEARCH WARRANT AND OTHER EVIDENCE**

COMES NOW the Defendant Janice Marie Doughty (hereafter "Doughty"), by and through counsel, and pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; files this her first particularized Motion to Suppress Search Warrant And Other Evidence, and moves this Court for an evidentiary hearing, and an order suppressing all evidence of any kind – any data, alleged contraband, statements, identification, and testimony, and reserves the right to supplement this motion.

    As grounds therefore, Doughty alleges that her warrantless arrest, search cell phone and other electronic devices, and the seizure of items of data from it were improper, illegal, and without probable cause, in violation of Movant's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution in the following particulars:

**I. Facts**

  1. On or about February 9th, 2020, Doughty was driving lawfully on Hwy. 59 in George West County, Texas when she was pulled over by Lt. Robert Waldrop (hereafter "Lt. Waldrop"), a law enforcement officer from a different Texas County.

1

2. Twenty-two minutes into the stop law enforcement handcuffed her in Lt. Waldrop's vehicle. The vehicle was later taken by law enforcement to the Live Oak County Sheriff's Department where it was put on a lift and searched, yielding items including four electronic devices described as follows:

   a. Target Device #1: An Apple iPhone model 8 cellular phone, with International Mobile Equipment Identity (IMEI) 354890091498861.

   b. Target Device #2: A Cricket model cellular phone, with IMEI 861582041767661.

   c. Target Device #3: An Apple iPad, with IMEI 353035092658219.

   d. Target Device #4: A Garmin model Drive 60 GPS Assist, with Serial Number 4FU044218.

3. On January 25th, 2022, Inv. David Noe submitted an application for search warrant and affidavit to U.S. Magistrate Judge Linda Walker for Case number 1:22-MC-142 for the four devices described above, said search warrant being issued the same day.

4. The warrant and affidavit described above was based on an illegal stop of Doughty's vehicle.

5. The warrant was defective in the following particulars:

   a. The affidavit was not supported by probable cause.

   b. The Warrant is facially defective in that it's unreasonably overbroad and non-particularized.

   c. The warrant failed to show a nexus between any criminal activity and the Target Device.

   d. There was an impermissible delay in law enforcement obtaining the warrant.

6. Movant anticipates that items seized and information derived from them will be introduced by the United States in any trial of this matter.

## II. Argument

7. Under the Fourth Amendment "no Warrants shall issue, but upon probable cause…." The warrant and affidavit "must provide the magistrate with a substantial basis for determining the existence of probable cause…." *Illinois v. Gates*, 462 U.S. 213, 239 (1983). Probable cause exists "'when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location.'" *United States v. Williams*, 162 Fed.Appx. 884 (11th Cir. 2006) *quoting* *United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999). The affidavit was not supported by probable cause. The facts described within the warrant did not provide the magistrate with a substantial basis to determine probable cause existed to seize the Target Items belonging to Doughty.

8. The warrants were also overly-broad and non-particularized. The Fourth Amendment to the United States Constitution requires that a search warrant particularly describe the article or articles to be seized. A description in a search warrant is sufficient and particular when "it enables the searcher to reasonably ascertain and identify the things authorized to be seized" and prevents "general, exploratory rummaging in a person's belongings." *United States v. Wuagneux*, 683 F.2d 1343, 1348-1349 (11th Cir. 1982). A search warrant is overbroad and unconstitutional when it fails to "sufficiently particularize" the place to be searched or "the things to be seized." *United States v. Travers,* 233 F.3d 1327, 1329 (11th Cir.1985). In this case, the warrant's so overbroad and non-particularized that law enforcement conducted a general exploratory rummage

through the Target Devices. Here, because the warrant failed to provide any specific guidelines for identifying and separating items sought from those outside the scope, the warrant encouraged a wholesale seizure of items- a constitutional violation. Therefore, all evidence, and any derivative evidence, should be suppressed from evidence at trial.

9. The architects of the U.S. Constitution included the Fourth Amendment in part to stop the kind of general warrants that allowed British officials to rummage through one's home and belongings without restraint. *Carpenter*, 138 S. Ct. at 2213. "A general order to explore and rummage through a person's belongings is not permitted. The warrant must enable the searcher to reasonably ascertain and identify the things which are authorized to be seized" *U.S. v. Cook*, 657 F.2d 730, 733 (5th Cir. 1981); see also *U.S. v. Morton*, 984 F.3d 421 (5th Cir. 2021). This Search Warrant allows the State to rummage through the entirety of Movant's devices without restraint to find something, anything the can claim incriminates her.

10. Furthermore, there is no nexus between the investigation and the Target Items specified in the warrant. "The Fourth Amendment requires that a search warrant be issued only when there's probable cause to believe that an offense has been committed and that evidence exists at the place for which the warrant is requested." *United States v. Betancourt*, 734 F.2d 750, 754 (11th Cir. 1984) (citing *Zurcher v. Stanford Daily*, 436 U.S. 547, 558 (1978)). For a court to find probable cause for a search there must be a nexus between the alleged crime and the premises or items to be searched. *United States v. Joseph*, 709 F.3d 1082 (11th Cir. 2013) The facts described in the affidavit do not provide the magistrate with a substantial basis that

criminal activity was accomplished utilizing the Target Devices. The warrant fails to show a substantial link between the criminal activity alleged and the Target Devices searched. Therefore, all evidence derived from the target items should be suppressed from evidence at trial.

11. Finally, under the Fourth Amendment, a search can be rendered unreasonable by a delay by law enforcement in obtaining a warrant. <u>United States v. Mitchell</u>, 565 F.3d 1347, 1350 (2009) All of the Target Devices seized under this warrant are mini computers, containing "personal letters, emails, financial information, passwords, family photos, and countless other items of a personal nature in electronic form on their computer hard drives." <u>Id.</u> at 1351. The court in <u>Mitchell</u> considered three weeks to be a "significant interference with Mitchell's possessory interest," which interest was "substantial" and finding that "there was not compelling justification for the delay." <u>Id.</u> The court ultimately concluded that "the delay in obtaining a warrant was not justified" and reversed the judgement of conviction and remanded it back to the trial court in a child porn case. <u>Id,</u> at 1353. The government's delay in obtaining a search warrant for the Target Devices was unjustified and unreasonable and affected Movant's substantial possessory interest in the items and any evidence obtained must be suppressed.

WHEREFORE, Defendant respectfully requests that this Court grant an evidentiary hearing and suppress the improperly obtained evidence against him in this case.

This 13th day of May 2022.

Respectfully submitted,

/S/ Bruce Harvey_____
LAW OFFICES OF BRUCE S. HARVEY
ATTORNEYS FOR DEFENDANT
Bruce S. Harvey, #335175
bruce@bharveylawfirm.com
Jamie Roberts, #608590
jamie@bharveylawfirm.com

146 Nassau St.NW
Atlanta, GA 30303
(404) 659-4628 office
(404) 681-3953 fax

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **Criminal Indictment** |
| v. | ) | |
| | ) | No. 1:21-CR-401 |
| JANICE MARIE DOUGHTY, | ) | |
|     Defendant. | ) | |

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing *Defendant's First Preliminary Motion To Suppress Search Warrant and Other Evidence* on opposing counsel by facsimile transmission, electronic delivery, by hand delivery, or by depositing a copy of the same in the United States Mail with sufficient postage thereon, addressed as follows:

    Nicholas Hartigan, AUSA
    75 Ted Turner Dr. SW, Suite 600
    Atlanta, Georgia 30303

This 13th day of May 2022.

    Respectfully submitted,

    /S/ Bruce Harvey_____
    LAW OFFICES OF BRUCE S. HARVEY
    ATTORNEYS FOR DEFENDANT
    Bruce S. Harvey, #335175
    bruce@bharveylawfirm.com
    Jamie Roberts, #608590
    jamie@bharveylawfirm.com

146 Nassau St.NW
Atlanta, GA 30303
(404) 659-4628 office
(404) 681-3953 fax